|   |   |
|---|---|
| 1 |   |
| 2 |   |
| 3 |   |
| 4 |   |
| 5 |   |
| 6 |   |

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| EDWARD M. OLSEN, | |
|---|---|
| Plaintiff, | CASE NO.  C10-5773RBL/JRC |
| v. | ORDER DIRECTING PLAINTIFF TO CURE DEFICIENT COMPLAINT |
| KITSAP COUNTY SHERIFF'S DEPARTMENT, et al., | |
| Defendants. | |

The Court, having reviewed plaintiff's proposed complaint, (ECF No. 1), and the balance of the record contained herein, does hereby find and ORDER the following:

Plaintiff complains of a lack of medical and dental treatment, but he provides no details and does set forth facts showing any injury.  The proposed complaint does not meet the requirements of a complaint pursuant to Fed. R. Civ. P. 8 (a).  A complaint should contain:  (1)  a short plain statement of the court's jurisdiction;  (2)  a short plain statement of the claim showing the pleader is entitled to relief; (3)  a demand for relief.

In order to state a claim under 42 U.S.C. § 1983, a complaint must allege (l) the conduct complained of was committed by a person acting under color of state law and (2) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the

ORDER - 1

United States.  <u>Parratt v. Taylor</u>, 451 U.S. 527, 535 (1981), *overruled on other grounds*, <u>Daniels v. Williams</u>, 474 U.S. 327 (1986).  Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present.  <u>Haygood v. Younger</u>, 769 F.2d 1350, 1354 (9th Cir. 1985), *cert. denied*, 478 U.S. 1020 (1986).

This court orders the following:

(i)     Plaintiff shall seek to cure these deficiencies by filing an amended complaint by no later than **December 3, 2010**.  If plaintiff fails to cure these deficiencies the court will recommend dismissal of this matter.

(ii)    The Clerk is directed to send copies to plaintiff.

DATED this 1st day of November, 2010.

J. Richard Creatura
United States Magistrate Judge

ORDER - 2