UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| EDWARD M. OLSEN,<br><br>               Plaintiff,<br><br>   v.<br><br>KITSAP COUNTY et al.,<br><br>               Defendants. | No. 10-5773RBL/JRC<br><br>REPORT AND RECOMMENDATION<br><br>**NOTED FOR:**<br>**January 28, 2011** |

      This 42 U.S.C. §1983 civil rights matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B) and Local Magistrate Judges' Rules MJR 1, MJR 3, and MJR 4.  On November 1, 2010, plaintiff was ordered to file an amended complaint to cure defects in the original filing (ECF No. 5).  Plaintiff has failed to comply with that order, and as a result failed to prosecute this action.  The court now recommends dismissal of the action with prejudice.

      In the order, the court noted that plaintiff complained of inadequate dental care, but did not provide any details.  The complaint did not meet the pleading requirements of Fed. R. Civ. P. 8 (a).  Plaintiff was given until December 3, 2010 to file an amended complaint.  As of January

REPORT AND RECOMMENDATION- 1

3, 2011 no amended complaint has been filed and the court now recommends this matter be dismissed.

Fed. R. Civ. P. 41 (b) allows a court to dismiss an action if a plaintiff fails to prosecute the action or fails to comply with a court order.  The dismissal operates as adjudication on the merits.  The court recommends this action be DISMISSED WITH PREJUDICE for failure to prosecute and failure to comply with a court order.

## APPEALABILITY

The court does not believe that an appeal from a dismissal in this case would be in good faith.  Therefore the undersigned recommends the court certify in writing that plaintiff should not be allowed to proceed in forma pauperis on appeal pursuant to 28 U.S.C. 1915 (A) (3).

## CONCLUSION

This court recommends this action be DISMISSED WITH PREJUDICE.  Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of de novo review by the District Court Judge. See 28 U.S.C. 636 (b)(1)(C).  Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **January 28, 2011, a**s noted in the caption.

DATED this 3rd day of January, 2011.

J. Richard Creatura
United States Magistrate Judge

REPORT AND RECOMMENDATION- 2